UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:19cr99(VAB) |
| v. | : | |
| KISHORE BABU AMMISETTI | : | 18 U.S.C. § 1344 (Bank Fraud) |

INFORMATION

The United States Attorney charges:

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
April 17, 2019
Robin D. Tabora, Clerk
By _____ Deputy Clerk

COUNT ONE
(Bank Fraud)

At all times material herein:

1.     At all times relevant, the defendant KISHORE BABU AMMISETTI ("AMMISETTI") was a citizen of India who was living in the United States unlawfully.

2.     At all times relevant, Bank of America ("BOA") was a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation.

The Scheme and Artifice to Defraud

3.     Between on or about July 8, 2017, to August 2, 2018, in the District of Connecticut and elsewhere, AMMISETTI knowingly and willfully devised and participated in a scheme and artifice to obtain money and funds under the custody and control of a financial institution by means of false and fraudulent presents, representations and promises as more fully set forth below.

1

overpaid the Victim. AMMISETTI would then request from the Victim either a refund in the amount of the "overpayment," or ask to cancel the transaction with a refund of the entire "deposit" from the Victim. The Victim would typically check his or her BOA account balance to confirm that funds had been added to their bank account, which BOA would confirm because of the "provisional credit." The Victim would then conduct a Peer-to-Peer (P2P) transfer to AMMISETTI of the amount he requested. The fraudulently transferred funds would be deposited into an account that AMMISETTI owned and operated.

8. After 72 hours, BOA would determine that AMMISETTI's initial claim of the ATM error was false and would revoke the "provisional credit" funds, thus leaving the Victim solely responsible for the funds transferred to AMMISETTI and unable to recoup those funds.

9. Ammisetti utilized at least 20 bank accounts, 22 phone numbers and 28 email accounts during the execution of this bank fraud scheme.

10. Generally, AMMISETTI received the funds from victims by a P2P transfer and then withdrew the funds at ATMs and casinos in Connecticut. AMMISETTI also used the funds to rent cars and sent some money to family in India.

11. In furtherance of the above-described scheme and artifice, AMMISETTI caused the following victims to transfer funds to him:

    a. Between May 14, 2018, and June 13, 2018, four victims transferred a total of $7,381 from BOA to AMMISETTI when he was using the alias Alekhya Chowdary.

    b. Between July 30, 2017, and August 3, 2017, six victims transferred a total of $15,800 from BOA to AMMISETTI when he was using the alias Keerthi Namburi.

  c. Between January 24, 2018, and July 20, 2018, nine victims transferred a total of $19,234 from BOA to AMMISETTI when he was using the alias Alekhya Sudula.

  d. Between July 8, 2017, and July 27, 2017, four victims transferred a total of $12,000 from BOA to AMMISETTI when he was using the alias Saikeerthi Namburi.

12. On or about July 30, 2017, through on or about August 1, 2017, in the District of Connecticut and elsewhere, AMMISETTI knowingly executed and attempted to execute the above-described scheme and artifice to obtain money and funds under the custody and control of BOA, by means of material false and fraudulent pretenses, representations, and promises, namely, by falsely representing to Victim A that AMMISETTI had submitted an overpayment to Victim A's BOA account, requesting that Victim A reimburse AMMISETTI for that overpayment, and causing Victim A to transfer $2,500 to an account controlled by AMMISETTI.

All in violation of 18 U.S.C. § 1344(2).

## FORFEITURE ALLEGATION

13. Upon conviction of the bank fraud offense alleged in Count One of this Information, defendant AMMISETTI shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(2), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to each offense in violation of 18 U.S.C. § 1344 affecting a financial institution, and all property traceable to such property, including but not limited to:

Cellular Phone:

  (a) An iPhone 10 bearing serial number DNPWN5SYJCL7

14. If any of the above-described forfeitable property, as a result of any act or omission

4

of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 18 U.S.C. § 982, 21 U.S.C. § 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.


UNITED STATES OF AMERICA

*/s/ Leonard C. Boyle*
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

*/s/ Nancy V. Gifford*
NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY